**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCUS ANGELO BUFORD,

    Defendant - Appellant.

No. 24-6039
(D.C. No. 5:22-CR-00473-G-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **McHUGH**, **BALDOCK**, and **LUCERO**, Circuit Judges.
_____

Defendant Marcus Buford pleaded guilty to three criminal counts stemming

from his robbery of two Oklahoma City liquor stores and was sentenced to a total

term of imprisonment of 300 months. Mr. Buford filed a timely notice of appeal and

his appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738,

744 (1967), stating that the appeal presents no non-frivolous grounds for reversal.

After careful review of the record, we agree with Mr. Buford's counsel. Therefore,

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

I

On May 25, 2022, Mr. Buford stole multiple bottles of liquor from two liquor stores in northwest Oklahoma City.  During one of the robberies, Mr. Buford pulled out a handgun from his pocket, showed it to the owner who was trying to stop him from leaving the store, and threatened to shoot him.  During the other robbery, the store owner confronted Mr. Buford after he had left the store and entered his car.  Mr. Buford responded by shooting the owner in the face with a handgun.

A federal grand jury indicted Mr. Buford on four criminal counts: Counts 1 and 3 charged Mr. Buford with interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a); Count 3 charged Mr. Buford with possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Count 4 charged Mr. Buford with possessing, brandishing, and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

Mr. Buford entered into a written plea agreement, pursuant to which he agreed to plead guilty to Counts 1, 3, and 4 of the indictment.  Under the terms of the plea agreement, Mr. Buford waived his "right to appeal [his] guilty plea, and any other aspect of [his] conviction."  R. vol. I at 33.  He also waived his right to appeal his sentence, including "the manner in which [it wa]s determined, including its procedural reasonableness."  *Id.*  He retained his right to appeal the substantive

2

reasonableness of his sentence if it was "above the advisory Guidelines range determined by the Court to apply to [his] case." *Id.*

The presentence investigation report (PSR) proposed a total offense level of 29, a criminal history score of six, and a criminal history category of III. The PSR in turn proposed an advisory guideline sentence range of 108 to 135 months, but noted that Count 4 (the firearm charge) required the imposition of a 120-month term of imprisonment consecutive to any term of imprisonment imposed for the other counts of conviction.[1] Neither party objected to the PSR.

The government moved for an upward variance to an aggregate sentence of 360 months, arguing that a variance was warranted by "[t]he high risk to innocent life, public safety, and personal property posed by Mr. Buford's release from custody." R. vol. I at 44. Mr. Buford moved for a downward variance, noting his personal history and the fact he "was a heavy alcoholic at the time of the thefts and his thefts were motivated by that addiction." *Id.* at 49.

At the sentencing hearing, the district court adopted the findings and proposed calculations in the PSR. After considering all of the information presented by the parties and independently examining the factors outlined in 18 U.S.C. § 3553, the district court sentenced Mr. Buford to a term of imprisonment of 87 months as to Counts 1 and 3 and a consecutive term of imprisonment of 213 months as to Count 4,

---

[1] As the district court noted at the time it accepted Mr. Buford's guilty plea, Count 4 carried a mandatory minimum sentence of 120 months and a maximum term of life, which was to run consecutive to any term of imprisonment imposed for Counts 1 and 3.

resulting in a total term of imprisonment of 300 months. The district court noted that this represented "an upward variance as to Count 4 and as to the total sentence imposed." R. vol. III at 59. The district court concluded that an upward variance was appropriate given Mr. Buford's "disregard for human life" and "the need for specific and general deterrence." *Id.*

After the district court entered final judgment, Mr. Buford's counsel filed a timely notice of appeal.

## II

Mr. Buford's counsel has now filed an *Anders* brief as well as a motion to withdraw as counsel. In the *Anders* brief, Mr. Buford's counsel asserts there are no meritorious grounds for the appeal. We provided Mr. Buford with a copy of the *Anders* brief and invited him to file a pro se supplemental brief, he has not done so.

*Anders* requires us to "conduct a full examination of the record to determine whether" any claims asserted by the defendant "are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

Having fully examined the record, we agree with Mr. Buford's counsel that any appellate challenges Mr. Buford could raise would be frivolous. Regarding Mr. Buford's convictions, the record reveals no infirmities in the plea agreement or the plea colloquy. As for Mr. Buford's sentence, he knowingly waived his right to challenge the procedural reasonableness of the sentence on appeal. Lastly, although the district court chose to vary upward from the advisory guidelines sentencing range

as to Count 4, the record demonstrates that the district court carefully considered the factors set forth in 18 U.S.C. § 3553(a) and determined that an above-guidelines sentence for Count 4 was necessary to appropriately punish Mr. Buford, to deter him from future violent conduct, and to protect the public. We therefore agree with Mr. Buford's counsel that any challenge to the substantive reasonableness of the sentence would fail. *See generally United States v. Crosby*, 119 F.4th 1239, 1246 (10th Cir. 2024) (noting that "[w]e review a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard" and that "[a] district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable" (internal quotation marks omitted)).

III

We grant counsel's motion to withdraw and dismiss Mr. Buford's appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

5